# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| RUBEN VALDEZ, | Case No. ED CV 14-00853-AS |
| Plaintiff, | **MEMORANDUM OPINION AND** |
| v. | **ORDER OF REMAND** |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

## PROCEEDINGS

On May 7, 2014, Plaintiff filed a Complaint seeking review of the denial of his applications for Disability Insurance Benefits and for Social Security Income. (Docket Entry No. 3). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 8-9). On September 9, 2014, Defendant filed

an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 11-12). The parties filed a Joint Position Statement ("Joint Stip.") on January 7, 2015, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 29).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures in Social Security Case," filed May 13, 2014 (Docket Entry No. 6).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On June 28, 2011, Plaintiff, formerly employed as a lead man in a plastic factory (see AR 29-30, 205), filed applications for Disability Insurance Benefits and Social Security Income, both alleging an inability to work since January 18, 2001. (See AR 152-179). On January 17, 2013, the Administrative Law Judge ("ALJ"), Jennifer Simmons, heard testimony from Plaintiff and vocational expert Aida Y. Worthington. (See AR 24-36). On February 19, 2013, the ALJ issued a decision denying Plaintiff's applications. (See AR 11-18). After determining that Plaintiff had a severe impairment -- spondylotlisthesis with spinal stenosis (AR 13-14) --, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[1] to perform medium work[2] with the following limitations: sitting and/or standing every 2 to 3 hours for 2 to 3 minutes at a time; frequently climbing ramps, stairs, balancing,

---

[1] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) and 416.967(c).

stooping, kneeling, crouching, and crawling; and occasionally climbing ladders. (AR 14-17). Finding that Plaintiff was able to perform his past relevant work as a machine setter/supervisor, blow molding machine operator, and machine setter supervisor (AR 17), the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 17-18).

Plaintiff requested that the Appeals Council review the ALJ's decision. (See AR 101). The request was denied on March 6, 2014. (AR 1-3). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

## PLAINTIFF'S CONTENTIONS

Plaintiff alleges that the ALJ failed to: (1) properly consider the findings of the consultative examiner; and (2) properly consider the opinion of Plaintiff's treating physician. (See Joint Stip. at 3-5, 7-13, 17).

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error has merit and warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second claim of error.

**DISCUSSION**

**A. The ALJ's Error in Failing to Evaluate the Opinion of Dr. Moazzaz Was Not Harmless**

Plaintiff asserts that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of the consultative examiner, Dr. Moazzaz. (See Joint Stip. at 3-5, 7). Defendant asserts the ALJ's error in failing to evaluate the opinion of Dr. Moazzaz was harmless. (See Joint Stip. at 5-7).

On October 22, 2011, Payam Moazzaz, M.D., an orthopedic surgeon, prepared a report following a complete orthopedic examination of Plaintiff. (See AR 246-50). Dr. Moazzaz's findings included inter alia that Plaintiff has a "reciprocal gait pattern with normal heel and toe walking"; "tenderness to palpation in the paraspinal musculature"; a diminished range of motion in the lower back (flexion [65 degrees, normal is 9k0 degrees, right and left bending [20 degrees, normal is 25 degrees]); "[s]traight leg raising is negative in the seated and supine positions bilaterally"; a normal range of motion and no issues with motor strength and sensation in the upper and lower extremities; and an x-ray of the lumbar spine demonstrated no scoliosis, no evidence of previous fracture, and grade 1 anerolisthesis at L4-L5. (See AR 247-49). After diagnosing Plaintiff with L4-L5 spondylolisthesis, Dr. Moazzaz found that Plaintiff had the following functional limitations: lifting and carrying approximately 20 pounds occasionally and 10 pounds frequently; standing and walking no more than 6 hours in an 8-hour workday; sitting for 6 hours in an 8-hour workday, with normal breaks;

occasional bending, kneeling, stooping, crawling and crouching; no limitation regarding overhead activities or use of the hands for fine and gross manipulative movements; and no limitation regarding the use of an assistive device. (See AR 246).

The ALJ summarized Dr. Moazzaz's clinical findings, diagnosis, and opinion. (See AR 16). However, the ALJ did not assign any weight to Dr. Moazzaz's opinion.

An examining physician's opinion is entitled to greater weight than that of a non-examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). The ALJ must provide specific and legitimate reasons supported by substantial evidence in the record when rejecting the controverted opinion of an examining physician. Lester v. Chater, supra; Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

Defendant concedes that the ALJ erred in not assigning any weight to Dr. Moazzaz's opinion, but contends that the error was harmless based on the ALJ's reliance on the opinion of the non-examining physician, Dr. Ornsby. (See Joint Stip. at 5-7).

M. Ormsby, M.D., a non-examining physician, submitted three reports based on his review of the medical evidence. (See AR 37-45 [Exhibit 1A], 46-53 [Exhibit 2A], 54-61 [Exhibit 3A]). In each report, Dr. Ormsby opined that Plaintiff had the following limitations: frequently lifting and/or carrying 25 pounds and occasionally lifting and/or carrying 50 pounds; standing and/or walking about 6 hours in an 8-hour

workday; sitting about 6 hours in an 8-hour workday, but must periodically (every 2 to 3 hours) sit and stand to relieve pain and discomfort; unlimited pushing and/or pulling; climbing ramps/staris, balancing, stooping, kneeling and crouching; climbing ladders/ropes/scaffolds occasionally, but should avoid when using pain medication; and no manipulative, visual, communicative and environmental limitations. (See AR 41-43, 50-52, 59-60).

The ALJ addressed the opinions of Dr. Ormsby, as well as the other non-examining physician (S. Lee, M.D., who, on May 9, 2012, provided the same opinion about Plaintiff's functional limitations as Dr. Ormsby, see AR 70-71 [Exhibit 6A], 79-80 [Exhibit 7A]), as follows:

> In determining the claimant's residual functional capacity, the undersigned has given great weight to the opinions of the State Agency medical consultants (Exhs. 1A - 3A, 6A, & 7A). On initial review and reconsideration, they concluded the claimant should be limited to a range of medium work. State Agency medical consultants are specifically empowered to make judgments regarding whether a person has the severity of symptoms required either singly or in combination to meet or equal any conditions found under the medical Listings (*see* 20 CFR 404.1527(f)(1) and 416.927(f)(1)). The undersigned finds nothing of record to contradict the State Agency medical consultants' opinions herein that the claimant does not meet or equal a medical listing.

> The claimant admitted he was able to clean and do laundry. He acknowledged he watched his granddaughter. Treatment notes indicated the claimant did not receive treatment for nearly one year. The residual functional capacity assessed by the State agency medical consultants is reasonable and consistent with the objective medical evidence.

(AR 16-17).

Although Defendant argues that the ALJ's error was harmless because "it is clear from the decision that the ALJ rejected Dr. Moazzaz's opinion in favor of Dr. Ormsby's expert medical opinion" and "[t]he ALJ accepted Dr. Ormsby's findings that Dr. Moazzaz's opinion was too restrictive based on Dr. Moazzaz's own examination finding and clinical testing" (see Joint Stip. at 6), the Court is unable to find that the ALJ's error was harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)(an ALJ's error is harmless "when it is clear from the record. . . that it was 'inconsequential to the ultimate nondisability determination.'").

Contrary to Defendant's assertion, it is not clear that the ALJ rejected Dr. Moazzaz's opinion based solely on Dr. Ormsby's assessment that Dr. Moazzaz's opinion regarding Plaintiff's functional limitations was too restrictive. The ALJ did not separately discuss Dr. Ormsby's opinion, but rather, gave "great weight to the *opinions* of the state agency medical consultants" (AR 16)(emphasis added), referring to the reports prepared by Dr. Ormsby and Dr. Lee. Id. While Dr. Ormbsy considered Dr. Moazzaz's clinical findings ("Ortho CE PE documented

above; including normal gait, slight decreased flexion and lateral bending of thoracolumbar spine, -SLR, normal motor strength and normal sensory," (AR 40, 49, 57) and found that Dr. Moazzaz's opinion to be too restrictive ("Agree that light rfc is too restrictive based on limited PE abnormalities and mild degenerative changes per recent imaging," (AR 40, 49, 57), there is no indication that Dr. Lee specifically considered Dr. Moazzaz's clinical findings in his opinion (see AR 65-82). Therefore, the Court cannot accept Defendant's assertion that the ALJ's rejection of Dr. Moazzaz's opinion regarding Plaintiff's functional limitations was based on his adoption of Dr. Ormsby's assessment that Dr. Moazzaz's opinion was too restrictive.

Moreover, since the ALJ did not identify what independent objective medical evidence was consistent with Dr. Ormby's opinion (or Dr. Lee's opinion), it is not clear from the record that Dr. Ormby's opinion, alone, would have provided a proper basis for rejecting Dr. Moazzaz's opinion. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.")(citation omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)(The opinion of a non-examining physician "may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

///
///
///

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of the consultative examiner (Dr. Moazzaz) with respect to Plaintiff's functional limitations, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[3]

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995,

(continued...)

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 17, 2015

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

<sup>3</sup> (...continued)
1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claim regarding whether the ALJ properly considered the opinion of Plaintiff's treating physician (see Joint Stip. at 7-13, 17). Because this matter is being remanded for further consideration, this issue should also be considered on remand.